MELE I. FA'ATUPU, Appellant

v.

MAUSA A. MALEPEAI and FAATUI FAOA, Appellees

High Court of American Samoa
Appellate Division

AP No. 007-84

April 5, 1985

Before GARDNER, Chief Justice, Presiding, KING*, Acting Associate
Justice, HEEN**, Acting Associate Justice, TAIMANU, Associate
Judge, APE POUTOA, Associate Judge.

Counsel:    For the Appellant, Moega Lutu
            For the Appellee, Albert Mailo

     This matter reached the court by way of referral by the
Office of Samoan Affairs.   See Land and Title Rules of Court,
rule 3.

     Faatui and Faatuai Faoa, members of the Toilolo family,
wanted to rebuild a house.  Mausa Malepeai, Faatuai's sister, who
had taken care of the house and its land since 1959, applied with
them for a separation agreement.  Faatupu, a member of the Lauofo
family, objected.  At the trial the parties agreed that the land
involved is communal property and Malepeai does not have the
right to sign a separation agreement

     The parties disagree, however, as to which family owns the
land, Lauofo or Toilolo.   The Lauofo family calls the land
"Uutafeuua" and the Toilolo family calls it "Pulemaava."

ISSUES

Lauofo argues two errors on appeal:

1. That the court's decision that the land belongs to Toilolo was made without a survey or other corroborating evidence; and

2. That the court had no jurisdiction to decide the ownership of the land because the matais were not joined as parties and the only issue before the court was whether Malepeai had the authority to sign the separation agreement.

DISCUSSION

Lauofo cites no authority that a survey is required before a court may decide the ownership of land. Since this case did not involve a boundary dispute there was no need for a survey.

It is unclear what Lauofo means in saying there was no corroborating evidence of Toilolo's ownership of the land. In addition to the testimony of Chief Toilolo, there was testimony by Teuila Alai Palelei, a 79-year-old uncle of Chief Toilolo; Ioimalo Toilolo, a 72-year-old chief in the Toilolo family; and Tausa Malepeai. All of them testified that the land belongs to the Toilolo family. Lauofo also called witnesses, who testified that the land belongs to the Lauofo family.

It is not up to this court to weigh the evidence and decide which set of facts to accept. Lauofo points to no legal inadequacy of evidence that would justify a reversal.

The second issue raised by Lauofo is that the matter referred by the Office of Samoan Affairs was the validity of the separation agreement, and the court therefore had no jurisdiction to hear the issue of the ownership of the land. The parties in the dispute over the separation agreement were Malepeai and the Faoas against Faatupu. Lauofo argues that the matais were not proper parties.

It was Lauofo's counsel himself who asked that Lauofo be joined as a defendant. He cannot now object to that joinder, nor does it make any sense to say that Toilolo, the putative owner of the land, is not a proper party.

The case that was referred by the Office of Samoan Affairs was titled "Separation Agreement land 'Pulemaava' in Malaeloa . . ." Land and Titles Rules, rule 2(a), says that "actions to separate a building or structure from communal land" are commenced by filing a petition with the Territorial Registrar.

Since all parties readily conceded that there was no issue concerning separation, it is surprising that the Office of Samoan Affairs, in following the procedures required by A.S.C.A. section

43.0302, did not resolve the issue brought before it. The purpose of the statutory procedure is to resolve informally those issues that lend themselves to simple resolution. This one surely did, and the referral of a non-issue to the court can only cast doubt on whether two attempts to settle the controversy, as required by section 43.0302(a)(1), were ever made.

Because of the failure of the dispute resolution process the court faced the dilemma of being presented with the wrong issue. But the bottom line was the same. True, Malepeai had no right to sign the separation agreement, but that left the Faoas with the problem of who did. This was the problem the court addressed.

There can be some flexibility in the application of A.S.C.A. section 43.0302. In Maria &.Telesia v. Tuli (1978) AP NO. 5-76, the defendants contended that the trial court lacked jurisdiction because no certificate as required by 11 A.S.C. section 1002 (the present section 43.0302) was filed. In place of the certificate the court accepted a letter which failed to comply with statutory requirements, saying that "it constituted sufficient compliance."

The same flexibility was justified here. Even though this case arose under the issue of the validity of the separation agreement, the court was free to look beyond that issue to the ultimate question of the ownership of the land.

After discussing the completely unsatisfactory way this case reached the high court, the trial court then addressed the real issue presented by the pre-trial memoranda. While noting that the original nominal parties "don't have much to do with the case at all" the court then proceeded to try the case on the issues presented by the pre-trial memoranda. It is a little late now for one of the parties to complain of the issues presented. This should have been done at trial.

As counsel for Lauofo, in a trial brief submitted to the court, defined the case, it is "a dispute over the ownership of land 'Uutafeuua' in the village of Malaeloa." That is the dispute the court resolved.

The court even recessed the hearing for a day to give the parties an opportunity to settle the issue on their own. There would have been no point to the court's refusing to hear the case after the parties returned, presumably unable to resolve the matter themselves.

The judgment is affirmed.

---

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation of the Secretary of the Interior.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting by designation of the Secretary of the Interior.